# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9503 | **DATE** | December 18, 2012 |
| **CASE TITLE** | Damir Lee (#2012-0725202) vs. Nicholas Gowdy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff may proceed with his claims of excessive force and assault against Stateville Correctional Center Officer Nicholas Gowdy, and the clerk shall issue summons for service of the complaint by the U.S.. Marshal on this Defendant. If Plaintiff learns the names of the unknown officers, he may seek to include them in an amended complaint. The other Defendants are dismissed. The clerk shall forward to Plaintiff a Magistrate Judge Consent Form and instructions as to how to file documents in this case. His motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]                                                                                     Docketing to mail notices.

## STATEMENT

     Plaintiff Damir Lee, currently confined at the Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Stateville Correctional Officers Nicholas Gowdy, B. Barnes, Gina Allen, and unknown officers. Plaintiff alleges that, on August 4, 2011, while he was incarcerated at Stateville, he and Officer Gowdy exchanged words as Gowdy was escorting Plaintiff and other inmates to the Northern Reception Center section of Stateville. According to Plaintiff, upon their arrival, Gowdy and unknown officers used excessive force when they grabbed Plaintiff around the neck and slammed his head against a wall several times. Officer Gowdy then attempted to cover up his actions by charging Plaintiff with a false disciplinary report of assault. Plaintiff states that he was able to establish his innocence of the disciplinary charge through a polygraph test, but only after he spent a period of time in disciplinary segregation. When Plaintiff filed grievances about Gowdy's actions, Stateville's grievance officers Barnes and Allen either ignored Plaintiff's grievances or denied them as untimely.

     Plaintiff's *in forma pauperis* ("IFP") reveals that he cannot prepay the $350 filing fee. The Court grants the motion and assesses an initial filing fee of $17.33. The trust fund officer Plaintiff's place of confinement shall collect the partial filing fee from Plaintiff's trust fund account, when funds are available, and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and trust fund officers at his current location shall notify transferee authorities of any outstanding balance in the even Plaintiff is transferred.

     The Court has conducted a preliminary review as required under 28 U.S.C. § 1915A. The above described allegations state colorable claims of excessive force and assault against Officer Gowdy. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (addressing the elements of an excessive force claim); *see also Houskins v. Sheahan* 549 F.3d 480, 495 (7th Cir. 2008) (a state-law claim of assault may be joined with a related federal claim that stems from the same set of facts).

## STATEMENT

To the extent Plaintiff seeks to allege a claim based upon Officer Growdy's issuance of false disciplinary charges against Plaintiff, such a claim is dismissed. "[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided." *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006), quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984). Plaintiff does not point to any denial of procedural due process with his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974) (to satisfy due process concerns, inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed). The fact that Plaintiff successfully challenged the disciplinary decision "indicates that Plaintiff received the due process he demanded, albeit not as swiftly as he would have preferred." *Henderson v. Rednour*, No. 12-1113, 2012 WL 5844685 at *2 (S.D. Ill. Nov. 19, 2012) (Murphy, J.).

Even if Plaintiff intended to bring this claim under state law, such a claim appears not to exist. To successfully state a claim of malicious prosecution under Illinois law, plaintiff must plead: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceedings in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Shelton v. Schneider*, No. 05 C 5955, 2006 WL 59364 at *7 (N.D. Ill. Jan. 4, 2006) (Moran, J.). Although Illinois has not determined whether a prison disciplinary proceeding would fall under the definition of "judicial proceeding," this Court has previously indicated that a prison disciplinary hearing is not the type of adversarial hearing which can give rise to a claim for malicious prosecution. *Greer v. DeRobertis*, 568 F. Supp. 1370 (N.D. Ill.1983); *see also Keefe v. Aluminum Co. of Am.*, 519 N.E.2d 955, 956 (Ill. App. Ct. 1988) (Illinois courts strictly construe the claim of malicious prosecution). Accordingly, Plaintiff may proceed his claims of excessive force and assault, but not malicious prosecution, against Growdy.

The claims against Barnes and Allen are dismissed. Plaintiff names these officers for either their denial or improper handling of Plaintiff's grievances. There is no constitutional right to a prison grievance system, *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001), and an official's denial of a prisoner's grievances, itself, is not a basis for a § 1983 claim. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not") (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). To the extent Plaintiff contends that Barnes and Allen have prevented Plaintiff from exhausting administrative remedies, that issue is not before the Court at this time, and Plaintiff can make his arguments in response to a motion seeking dismissal for failure to exhaust, if such a motion is filed.

As to the unknown Defendants who allegedly participated in the assault with Officer Gowdy, Plaintiff may seek to include their names as Defendants when he learns their identities. Once an attorney enters an appearance for Gowdy, Plaintiff may forward to Gowdy, through his attorney, discovery requests for their names. Plaintiff is advised that his failure to seek to learn their identities within 90 days after an attorney enters an appearance may result in their dismissal for want of prosecution. Furthermore, the limitations period for the excessive force claims Plaintiff alleges is two years, and Plaintiff must identify these Defendants within two years of the date of the incident, not including the time administrative proceedings were pending. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001).

Accordingly, for the reasons stated above, Defendants Barnes and Allen are dismissed and Plaintiff may proceed with his excessive force and assault claims against Growdy. The clerk shall issue summons for service of the complaint on Stateville Officer Gowdy. The United States Marshals Service is appointed to serve Officer Gowdy. Any forms necessary for the Marshal to serve Defendant shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of Defendant. With respect to former employee who no longer can be found at Stateville Correctional Center, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to

| STATEMENT |
|---|
| obtain a waiver, the Marshal shall attempt to serve Defendant with personal service.<br>      Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendant, or his attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.<br>      Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). |